Curia, per

Barle, J.
The general rule for the construction of covenants is well enough understood ; the intention of the parties, when it can be ascertained from the instrument, must govern ; and to come at this, all the parts of it must be considered together. On a fair construction of the deed in question, we cannot doubt, that the object of the parties was to avoid the very dispute which has arisen. It would seem almost impossible for language to be more explicit; and either the covenant upon which the question arises, means what was supposed in the Court below, or it must be struck out as meaning nothing. It may have been folly in the tenant, to bind himself to accept the tenements and to pay the increased rent, whenever the landlord gave him notice; but that he has bound himself to that extent, cannot be doubted by any one who will read the instrument. To allow the tenant under such a covenant to offer proof that the houses were unfinished, would be to repeal the agreement altogether ;(a) and that we have no right to do. If the houses were unfinished, and he sustained any damage from that cause, he has his right of action on the covenant of the landlord to finish; and this he may have brought at the same time his goods were distrained. If men will enter into covenants which involve them in trouble, the Court cannot relieve them; they must abide the consequences.
It is palpable that the covenants are independent, and each must resort to his own remedy. There is no ambiguity, and they cannot be explained away.
On the other point raised, the Court does not perceive any error in the instructions to the jury. If the judge is allowed to say any thing at all, he must be permitted to give his advice, to suggest such considerations as * will enable the jury to come to a correct conclusion. If the judge were to be muzzled, and not permitted to say any thing on the facts, the complaints against juries would be louder and more frequent than they are. (b) Here, such circumstances were suggested to *313 the jury, as might induce them to come to a particular conclusion. It was for them to decide, and they were not precluded from acceding.
Bailey and Brewster, for the motion. IB. A. De Saussure, contra.
The motion to set aside the verdict is refused.
Gantt, Richardson, O’jSíeall and Butler, JJ., concurred.

 Sup. 134. An.

 See 2 McM. 425; 1 Mills’ C. R. 227; 8 Rich. 140. An.